CHARLES H. ECKERSON, PROSECUTOR, v. CITY OF EN-GLEWOOD.

Argued November 9, 1911—Decided December 18, 1911.

The common council of cities incorporated under "An act relating to and providing for the government of cities of this state containing a population of less than twelve thousand inhabitants" (*Pamph. L.* 1899, *p.* 96) have no power to appoint subordinate officers under subdivision 34, section 18, except by ordinance, and the appointment of a city engineer, by resolution, instead of. by ordinance, is not the appointment of a subordinate officer authorized by the act, and such an appointment for a term of years cannot be sustained as a contract, because not made according to the terms of the act authorizing the appointment.

On *certiorari.*

Before Justices GARRISON, PARKER and BERGEN.

For the prosecutor, *Albert I. Drayton.*

For the defendant, *Edmund W. Wakelee.*

The opinion of the court was delivered by

BERGEN, J. We have before us two writs of *certiorari* to review certain proceedings had by the common council of the city of Englewood. The first proceedings challenged are certain resolutions and an ordinance by which, without undertaking to remove the prosecutor from the office or position of city engineer of the city of Englewood, the common council in making public improvements, where the assistance of the city engineer was necessary, designated one Watson G. Clark as the engineer in charge of the work, thereby relieving the prosecutor from the performance of the duties appertaining to the office or position to which he claims to have been appointed. The ordinances and resolutions producing this condition were removed to this court by the first of the writs of *certiorari* now under consideration. While the foregoing writ was pend-

ing the common council adopted a resolution, which was intended to terminate the right, if any, of the prosecutor to the office of city engineer, and it was to review this proceeding that the second writ was allowed. As practically the same questions were presented in each case, they were argued together and will be so considered and disposed of.

On January 1st, 1901, the common council of the city of Englewood, by resolution, undertook to appoint the prosecutor city engineer for the term of three years, which term had not expired when the proceedings challenged by these writs were instituted. The resolution appointing the prosecutor, as it appears on the minutes of the city, reads as follows: "Mr. Watson nominated Charles H. Eckerson for the office of city engineer. Nomination seconded by Mr. Fitch. There being no other nominations it was voted unanimously that Mr. Charles H. Eckerson be appointed city engineer for the term of three years." There was no ordinance creating the office, nor was the appointment made by ordinance with the approval of the mayor. It is not denied that Watson G. Clark was employed to perform the duties ordinarily assigned to the city engineer, and thereafter, and on August 11th, 1911, the common council adopted a resolution "that the appointment of Charles H. Eckerson as city engineer be and the same is hereby terminated, and the office of city engineer be and the same is hereby declared vacant," and the writ to review the latter resolution was allowed September 16th, 1911, the first writ having been allowed July 1st, 1911.

The defendant is incorporated under the act relating to the government of cities having a population of less than twelve thousand inhabitants. *Pamph. L.* 1899, *p.* 96. The charter does not, in express terms, create the office of city engineer. It provides for a mayor, members of the common council, councilman at large, city clerk, collector of taxes, overseer of the poor, freeholders, commissioners of appeal and such justices of the peace, constables and ward officers as may be provided for by law, all of these to be elected by a vote of the people, and a city treasurer to be appointed by the common council for the term of three years, the terms of office of the

officers elected being three years, excepting those of the mayor and common council, which are fixed at two years.

Section 33 of the charter declares that "the city engineer, surveyor, city solicitor, city sealer of weights and measures, and all other officers appointed by the common council, shall possess the powers and be subject to the obligations conferred and imposed on them by law or by the ordinances, by-laws, rules and regulations of the common council." As this section follows other sections specifically defining the duties of the officers expressly named as elective as well as of the city treasurer, it manifests the legislative intent to fix the duties of such of the officers named as may be thereafter provided for and appointed by the common council, and not to create such offices without municipal action. Section 39 of the charter prescribes certain duties to be performed by the city engineer or surveyor regarding the city assessment maps, and requires the common council to fix, by ordinance, the compensation of the city engineer or surveyor for the above, and all other duties appertaining to his office, leaving it optional with the city to appoint either a city engineer or surveyor. As subdivision 34 of section 18 of the statute empowers the common council "to appoint from time to time such subordinate officers as may be deemed necessary to carry into effect the powers and duties hereby created or otherwise conferred or imposed," the common council had the right to appoint a city engineer or surveyor, and when the office was established and appointment made, the appointee was required by section 39 to prepare, keep, renew and have the custody of the city map or atlas, and when so directed by ordinance or resolution to keep an index of the lots shown thereon, and of the owners thereof, and when directed in like manner to keep in his office an abstract of each and every deed or transfer affecting lands situate in the city, to be properly indexed, and section 41 of the charter requires the assessors to so arrange their duplicates as to specify by letters and numbers, as shown on the city atlas the several lots or subdivisions assessed with the valuation thereof as shown by the register kept by the city engineer. These extracts from the city charter would seem to indicate that the city engineer

has functions to perform with reference to the city government which might constitute him a public officer, but as this case will be disposed of upon other grounds, it is not necessary to determine that question, because the prosecutor claims that if he be a public officer he cannot be removed without charges made and an opportunity to be heard, and then only by the vote of two-thirds of the council, as provided in section 11 of the charter, neither of which privileges was accorded to him, and that, on the other hand, if he is a subordinate, and not a public, officer, he has a contract with the city for the term of three years from the date of his appointment, which the common council cannot abrogate. The defendant, however, claims that the prosecutor was never lawfully appointed to a public or subordinate office, nor engaged as an employe, and is therefore a mere intruder without any rights it is bound to respect. As prosecutor places his right to pursue this writ upon his appointment to an office for a definite term, the first important question to be determined is whether he was appointed in such manner as to acquire any vested rights which are being infringed by the conduct of the defendant. No power to appoint officers except the treasurer is expressly given in the charter except that hereinbefore referred to, viz., to appoint such subordinate officers as may be necessary to carry into effect the powers and duties conferred and imposed by the charter, but the first paragraph of section 18, giving such power, requires it to be exercised by ordinance. The power granted is to "make, establish, publish, modify, amend or repeal ordinances, rules, regulations and by-laws for the following purposes:" Then follows a statement of powers delegated, among them being the power to appoint subordinate officers.

It has been recently held in the Court of Errors and Appeals of this state that ordinances, rules, regulations and by-laws are intended to be synonymous and to be promulgated by ordinance, and cannot be made effective by resolution. *Levy* v. *Elizabeth,* 52 *Vroom* 643. Giving to this charter the construction adopted by the Court of Errors and Appeals in the case cited, the common council of the city of Englewood could not create an office nor appoint any subordinate

officers except by ordinance, and it is admitted that the prosecutor in this case was not appointed by ordinance, and no office created except by inference from the resolution of appointment. The same subdivision, 34, requires an ordinance to prescribe and define the duties of city and ward officers when not otherwise prescribed by law; to fix and determine their compensation; the penalty for failure to perform their duties; the bond and securities to be given by the officers of the city, and the time for executing the same when not otherwise provided, and to appoint, from time to time, subordinate officers. It would therefore seem that if any of these powers must be exercised by ordinance all must. The duties required, by the charter, of the engineer takes that position out of the realm of an ordinary employe and puts it within the class of subordinate officers which the common council may establish and appoint to by ordinance.

As the common council could not, by resolution, appoint the prosecutor either as a subordinate or public officer, the attempt to do so in the present case was futile and conferred upon the prosecutor no vested right to the position which he claims to hold as a basis for the relief he seeks, and as the question does not involve the title of the prosecutor to the office of city engineer, but only the legal existence of such an office, his *status* to attack by *certiorari* the subsequent action of common council can be determined upon such writ, *quo warranto* being unnecessary and indeed unsuited for such a purpose.

The writ in each case should be dismissed, with costs.